# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DORIS RACHER, | ) | |
| SANDRA CRISPER, and | ) | |
| EARLENE ADKISSON, Co-personal | ) | |
| Representatives of the ESTATE OF | ) | |
| ERYETHA MAYBERRY, DECEASED, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-364-M |
| | ) | |
| WESTLAKE NURSING HOME | ) | |
| LIMITED PARTNERSHIP, d/b/a Quail | ) | |
| Creek Nursing and Rehabilitation Center; | ) | |
| WESTLAKE MANAGEMENT | ) | |
| COMPANY, a Texas Corporation; | ) | |
| RON LUSK, an Individual; | ) | |
| QC PROPERTY HOLDINGS, LLC, | ) | |
| a Georgia limited liability company; and | ) | |
| QC NURSING LLC, a Georgia limited | ) | |
| liability company, d/b/a Quail Creek | ) | |
| Nursing and Rehabilitation Center, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is defendants Westlake Nursing Home Limited Partnership and Westlake Management Company's ("Westlake Defendants") Partial Motion to Dismiss, filed June 25, 2013. On July 16, 2013, plaintiffs filed their response, and on July 23, 2013, Westlake Defendants filed their reply.

I.      Introduction

Eryetha Mayberry was a resident at the Quail Creek Nursing and Rehabilitation Center ("Nursing Home"). Plaintiffs allege that on or about April 16, 2012, two employees of the Nursing Home physically and verbally abused Ms. Mayberry. Specifically, plaintiffs allege the Nursing

Home's staff shoved a rubber glove into Ms. Mayberry's mouth, slapped Ms. Mayberry in the face and head, forcefully threw Ms. Mayberry onto her bed, and struck Ms. Mayberry on the chest.

On April 15, 2013, plaintiffs filed the instant action, alleging numerous causes of action against defendants. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Westlake Defendants now move to dismiss plaintiffs' Second Cause of Action, negligent hiring, training, supervision, and staffing, and plaintiffs' Sixth Cause of Action, intentional infliction of emotional distress.

II.     Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief

under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. Discussion

    A. Negligent hiring, training, supervision, and staffing

Under Oklahoma law, "[e]mployers may be held liable for negligence in hiring, supervising or retaining an employee." *N.H. v. Presbyterian Church (U.S.A.)*, 998 P.2d 592, 600 (Okla. 1999). "An employer is found liable, if – at the critical time of the tortious incident –, the employer had reason to believe that the person would create an undue risk of harm to others." *Id.* Further, "[t]he critical element for recovery is the employer's prior knowledge of the servant's propensities to create the specific danger resulting in damage." *Id.*

Westlake Defendants assert that plaintiffs have failed to state a claim for negligent hiring, training, supervision, and staffing because plaintiffs' Complaint lacks any allegations regarding the element of "prior knowledge." Having carefully reviewed plaintiffs' Complaint, the Court finds plaintiffs have not set forth sufficient factual allegations to state a claim for negligent hiring, training, supervision, and staffing. Specifically, the Court finds that plaintiffs have not set forth any factual allegations regarding any prior knowledge by Westlake Defendants of the individual employees' propensities to verbally and physically assault residents of the Nursing Home. Accordingly, the Court finds that plaintiffs' Second Cause of Action for negligent hiring, training, supervision, and staffing should be dismissed.

B.  Intentional infliction of emotional distress

Westlake Defendants assert that plaintiffs have failed to state a claim for intentional infliction of emotional distress because plaintiffs' allegations are completely devoid of any facts supporting their claim that Ms. Mayberry suffered severe emotional distress. Under Oklahoma law, to prevail on a claim of intentional infliction of emotional distress, a plaintiff must prove the following: "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Computer Publ'ns, Inc. v. Welton*, 49 P.3d 732, 735 (Okla. 2002). "Severe distress must be proved; but in many cases the extreme and outrageous character of the defendant's conduct is in itself important evidence that the distress has existed. . . ." *Id.* at 736 (internal quotations and citation omitted).

Having carefully reviewed the Complaint, the Court finds that plaintiffs have set forth sufficient factual allegations to state a claim for intentional infliction of emotional distress. Specifically, the Court finds that considering the factual allegations regarding the abuse that occurred on April 16, 2012, plaintiffs have sufficiently alleged that Ms. Mayberry suffered severe emotional distress. Accordingly, the Court finds that plaintiffs' Sixth Cause of Action for intentional infliction of emotional distress should not be dismissed.

IV.  Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Westlake Defendants' Partial Motion to Dismiss [docket no. 26] as follows:

> (A)  The Court GRANTS the partial motion to dismiss as to plaintiffs' Second Cause of Action for negligent hiring, training, supervision, and staffing and DISMISSES this cause of action, and

(B) The Court DENIES the partial motion to dismiss as to plaintiffs' Sixth Cause of Action for intentional infliction of emotional distress.

**IT IS SO ORDERED this 2nd day of August, 2013.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE