# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

DORIS RACHER, )
SANDRA CRISPER, and )
EARLENE ADKISSON, Co-personal )
Representatives of the ESTATE OF )
ERYETHA MAYBERRY, DECEASED, )
 )
                Plaintiffs, )
 )
vs. )   Case No. CIV-13-364-M
 )
WESTLAKE NURSING HOME )
LIMITED PARTNERSHIP, d/b/a Quail )
Creek Nursing and Rehabilitation Center; )
WESTLAKE MANAGEMENT )
COMPANY, a Texas Corporation; )
RON LUSK, an Individual; )
QC PROPERTY HOLDINGS, LLC, )
a Georgia limited liability company; and )
QC NURSING LLC, a Georgia limited )
liability company, d/b/a Quail Creek )
Nursing and Rehabilitation Center, )
 )
                Defendants. )

## ORDER

Before the Court is defendant Ron Lusk's ("Lusk") Motion to Dismiss Plaintiffs' Alter-Ego Liability Claim, filed March 24, 2014. On April 14, 2014, plaintiffs filed their response, and on April 21, 2014, Lusk filed his reply.

Eryetha Mayberry was a resident at the Quail Creek Nursing and Rehabilitation Center ("Nursing Home"). Plaintiffs allege that on or about April 16, 2012, two employees of the Nursing Home physically and verbally abused Ms. Mayberry. Specifically, plaintiffs allege the Nursing Home's staff shoved a rubber glove into Ms. Mayberry's mouth, slapped Ms. Mayberry in the face and head, forcefully threw Ms. Mayberry onto her bed, and struck Ms. Mayberry on the chest.

On April 15, 2013, plaintiffs filed the instant action, alleging the following causes of action against defendants: (1) negligent care and treatment by defendants Westlake Nursing Home Limited Partnership and Westlake Management Company, (2) negligent hiring, training, supervision and staffing by defendants Westlake Nursing Home Limited Partnership and Westlake Management Company, (3) defendant Ron Lusk's negligence, (4) violation of the Nursing Home Care Act, Okla. Stat. tit. 63, §§ 1-1901 *et seq.* against all defendants, (5) negligence per se against all defendants, (6) intentional infliction of emotional distress against all defendants, (7) successor-corporation liability against defendant QC Property Holdings, LLC, and (8) alter-ego liability against defendant QC Nursing, LLC. On March 8, 2014, plaintiffs filed an Amended Complaint adding a cause of action for alter ego liability against Lusk, alleging that defendants Westlake Management Company and Westlake Nursing Home Limited Partnership are the alter egos of Lusk.

Lusk now moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiffs' alter-ego liability claim against him for failure to state a claim upon which relief may be granted. Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements

necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted).

Lusk contends that Oklahoma law affirmatively prohibits plaintiffs from bringing an alter ego claim against him until plaintiffs obtain a judgment against defendants Westlake Management Company and/or Westlake Nursing Home Limited Partnership. Plaintiffs assert that they may bring an alter ego liability claim against Lusk because the Oklahoma statute in question is a procedural statute and the Federal Rules of Civil Procedure control over a conflicting state procedural statute. Alternatively, plaintiffs assert that if the Court finds that the Oklahoma statute is substantive, the statute cannot be applied retroactively and plaintiffs, thus, can bring their alter ego liability claim.

Section 682(B) of Title 12 of the Oklahoma Statutes became effective on November 1, 2013. That section provides:

> No suit or claim of any nature shall be brought against any officer, director or shareholder for the debt or liability of a corporation of which he or she is an officer, director or shareholder, until judgment is obtained therefore against the corporation and execution thereon returned unsatisfied. This provision includes, but is not limited to, claims based on vicarious liability and alter ego. Provided, nothing herein prohibits a suit or claim against an officer, director or shareholder for their own conduct, act or contractual obligation arising out of or in connection with their direct involvement in the same or related transaction or occurrence.

Okla. Stat. tit. 12, § 682(B). The parties do not dispute that, if applicable, section 682(B) would preclude plaintiffs' alter ego claim against Lusk because no judgment has been obtained against defendant Westlake Management Company or defendant Westlake Nursing Home Limited Partnership. The Court, thus, must determine whether section 682(B) applies to plaintiffs' alter ego claim against Lusk.

3

To make this determination, the Court must first determine whether section 682(B) is a substantive law or a procedural law. It has long been established that federal courts sitting in diversity "apply state substantive law and federal procedural law." *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). A substantive law "pertains to a 'substantive right or remedy.'" *Shady Grove Orthopedic Assoc. v. Allstate Ins. Co.*, 559 U.S. 393, 415 (2010). In contrast, a procedural law is "the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them." *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14 (1941).

Having carefully reviewed the parties' submissions, and having carefully read section 682(B), the Court finds that section 682(B) is a substantive law. Section 682(B) sets forth two conditions that must be met before a party's alter ego claim arises. First, judgment must be obtained against the corporation, and second, execution on the judgment must be returned unsatisfied. Because section 682(B) clearly pertains to a substantive right – an alter ego claim, section 682(B) is a substantive law.

Now that the Court has determined that section 682(B) is a substantive law, the Court must determine whether it should be applied to plaintiffs' alter ego claim against Lusk set forth in plaintiffs' Amended Complaint filed on March 8, 2014. Plaintiffs assert that their alter ego claim against Lusk relates back to the date of the original Complaint, filed April 15, 2013, because that claim arises out of the transactions and conduct set out in the original Complaint. Plaintiffs further assert that section 682(B) was not in effect on the date of the original Complaint and because section 682(B) is a substantive law, it cannot be applied retroactively. Lusk, on the other hand, asserts that plaintiffs' alter ego claim against him does not relate back to the date of the original Complaint.

4

Lusk further asserts that section 682(B) was in effect on the date of the Amended Complaint and, thus, applies to preclude plaintiffs' alter ego claim.

Federal Rule of Civil Procedure 15(c)(1) provides, in part:

> An amendment to a pleading relates back to the date of the original pleading when:
> 
> \*   \*   \*
> 
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading . . . .

Fed. R. Civ. P. 15(c)(1)(B). "[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005).

Having carefully reviewed the parties' submissions, as well as the Complaint and Amended Complaint, the Court finds that plaintiffs' alter ego claim against Lusk does not relate back to the date of the original Complaint. Specifically, the Court finds that plaintiffs' alter ego claim does not arise out of the same conduct, transactions and/or occurrences set out in the original Complaint. Plaintiffs' Complaint is based on the alleged abuse of Ms. Mayberry and alleged omissions by nursing home staff in their treatment of Ms. Mayberry. In contrast, plaintiffs' alter ego claim against Lusk is not based on any alleged abuse of Ms. Mayberry or any alleged omissions by nursing home staff in their treatment of Ms. Mayberry but is based on the relationship between Lusk and defendants Westlake Nursing Home Limited Partnership and Westlake Management Company. The Court, therefore, finds that plaintiffs' alter ego claim is a new ground for relief supported by facts that differ in both time and type from those of the Complaint.

Since plaintiffs' alter ego claim does not relate back to the date of the original Complaint, the Court finds that section 682(B) applies to plaintiffs' alter ego claim against Lusk, which was

filed on March 8, 2014, after the effective date of section 682(B). Further, because no judgment has been obtained against defendant Westlake Management Company or defendant Westlake Nursing Home Limited Partnership, the Court finds that plaintiffs' alter ego claim against Lusk is premature under section 682(B) and should be dismissed.

Accordingly, the Court GRANTS Lusk's Motion to Dismiss Plaintiffs' Alter-Ego Liability Claim [docket no. 54] and DISMISSES plaintiffs' alter ego liability claim against Lusk (the Ninth Cause of Action in the Amended Complaint).

**IT IS SO ORDERED this 14th day of May, 2014.**

*[signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE