# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DORIS RACHER, <br> SANDRA CRISPER, and <br> EARLENE ADKISSON, Co-personal <br> Representatives of the ESTATE OF <br> ERYETHA MAYBERRY, DECEASED, <br> <br> Plaintiffs, <br> <br> vs. <br> <br> WESTLAKE NURSING HOME <br> LIMITED PARTNERSHIP, d/b/a Quail <br> Creek Nursing and Rehabilitation Center; <br> WESTLAKE MANAGEMENT <br> COMPANY, a Texas corporation; <br> RON LUSK, an Individual; <br> QC PROPERTY HOLDINGS, LLC, <br> a Georgia limited liability company; and <br> QC NURSING LLC, a Georgia limited <br> liability company, d/b/a Quail Creek <br> Nursing and Rehabilitation Center, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. CIV-13-364-M |

## ORDER

This case is scheduled for trial on the Court's February 2015 trial docket.

Before the Court is defendant Ron Lusk's ("Lusk") Motion for Summary Judgment, filed December 2, 2014. On December 16, 2014, plaintiffs filed their response, and on December 23, 2014, Lusk filed his reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

Eryetha Mayberry was a resident at Quail Creek Nursing and Rehabilitation Center ("Nursing Home"). Plaintiffs allege that on or about April 16, 2012, two employees of the Nursing Home physically abused Ms. Mayberry, shoving a rubber glove into her mouth, slapping her in the face and head, forcefully throwing her onto her bed and striking her on the chest. At the time of the

incident, the Nursing Home was owned by defendant Westlake Nursing Home Limited Partnership ("Westlake LP"). Defendant Westlake Management Company ("Westlake Management") is the general partner of Westlake LP, and Lusk is the president of Westlake Management.

On April 15, 2013, plaintiffs filed the instant action. In this case, plaintiffs assert the following causes of action against Lusk: (1) negligence, (2) violation of the Nursing Home Care Act[1], Okla. Stat. tit. 63, §§ 1-1901, et seq., and (3) negligence per se. Lusk now moves this Court for summary judgment on these causes of action.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

---

[1]In this cause of action, plaintiffs are seeking to hold Lusk liable for his own actions or inactions, the same actions and/or inactions which are the basis for plaintiffs' negligence claim against Lusk, which plaintiffs contend violate the Nursing Home Care Act.

2

*Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.     Discussion

Under Oklahoma law, to prevail on a negligence claim, a plaintiff must prove the following elements: "(1) the existence of a duty on the part of the defendant to protect plaintiff from injury; (2) a violation of that duty; and (3) injury proximately resulting therefrom." *Sloan v. Owen*, 579 P.2d 812, 814 (Okla. 1977). Lusk asserts that he is not liable to plaintiffs because plaintiffs have not established a duty on the part of Lusk towards Ms. Mayberry which was breached by Lusk. Lusk contends he was not involved in the day to day operations of the Nursing Home. Specifically, Lusk contends he was not involved in, and never assumed responsibility for, establishing or implementing policies for the Nursing Home. Lusk asserts that the only part he played as a member of the governing body was the appointment of Virginia Barsotti as Administrator of the Nursing Home and he was not a member of the governing body with respect to the adoption and implementation of policies and procedures for operation of the Nursing Home. Lusk further contends that he was not involved in hiring practices, training of staff, quality and competency of staff hired, salaries paid to staff, and quality of resident care. Plaintiffs, on the other hand, assert that Lusk was a member of the governing body of the Nursing Home, and as such, he had the legal responsibility to implement policies at the Nursing Home to prevent resident abuse.

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiffs and viewing all reasonable inferences in plaintiffs' favor, the Court finds plaintiffs have not presented sufficient evidence to create a genuine issue of material fact as to whether Lusk was a member of the governing body with respect to the

adoption and implementation of policies and procedures for operation of the Nursing Home. Based upon the evidence presented, the Court finds there is no genuine dispute that Lusk was not involved in the day to day operations of the Nursing Home and that he did not participate with the governing body of the Nursing Home in any other manner other than appointing the administrator of the Nursing Home. Further, the Court finds the regulation plaintiffs rely upon in support of their assertion that Lusk had a duty to Ms. Mayberry, 42 C.F.R. § 483.75(d), does not impose such a legal duty for purposes of holding Lusk liable for negligence. The regulation at issue falls within Part 483 of Title 42 of the Code of Federal Regulations; the regulations within this part:

> contain the requirements that an institution must meet in order to qualify to participate as a [Skilled Nursing Facility] in the Medicare program, and as a nursing facility in the Medicaid program. They serve as the basis for survey activities for the purpose of determining whether a facility meets the requirements for participation in Medicare and Medicaid.

42 C.F.R. § 483.1(b). Nowhere in Part 483 is there any mention of a private right of action or any legal consequences other than having federal funding denied to a health care facility that does not satisfy Part 483's requirements.

Accordingly, the Court finds that plaintiff has not established the existence of a duty on the part of Lusk to protect Ms. Mayberry from injury and Lusk, therefore, is entitled to summary judgment.

IV.     Conclusion

For the reasons set forth above, the Court GRANTS Lusk's Motion for Summary Judgment [docket no. 96].

**IT IS SO ORDERED this 29th day of January, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE