# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

DORIS RACHER, SANDRA CISPER, and )
EARLENE ADKISSON, Co-Personal )
Representatives of the ESTATE OF )
ERYETHA MAYBERRY, DECEASED, )
)
          Plaintiffs, )
)
vs. ) Case No. CIV-13-364-M
)
WESTLAKE NURSING HOME )
LIMITED PARTNERSHIP, d/b/a Quail )
Creek Nursing and Rehabilitation Center, )
et al., )
)
          Defendants. )

## ORDER

At the Pretrial Conference in this case, plaintiffs requested that the Court rule, prior to trial, on the issue of whether an employee must be acting within the scope of employment in order for the owner and licensee of a nursing home to be liable under Okla. Stat. tit. 63, §1-1939(A).

Section 1-1939(A) provides, in pertinent part: "The owner and licensee are liable to a resident for any intentional or negligent act or omission of their agents or employees which injuries the resident." Okla. Stat. tit. 63, § 1-1939(A). The Oklahoma Supreme Court has held that "this provision is a special rule of the common law doctrine of *respondeat superior*." *Price v. TLC Health Care, Inc.*, 85 P.3d 838, 841 (Okla. 2004). The Oklahoma Supreme Court has further held that to hold an employer responsible under the doctrine of *respondeat superior* for the tort of an employee, "the tortious act must be committed in the course of the employment and within the scope of the employee's authority." *Baker v. Saint Francis Hosp.*, 126 P.3d 602, 605 (Okla. 2005).

Based upon the Oklahoma law set forth above, the Court finds that because § 1-1939(A) is a special rule of *respondeat superior*, an employee must be acting within the scope of employment in order for the owner and licensee of a nursing home to be liable.

**IT IS SO ORDERED this 9th day of February, 2015.**

*[Signature: Vicki Miles-LaGrange]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE