## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

DORIS RACHER, SANDRA CISPER, and )
EARLENE ADKISSON, Co-personal )
Representatives of the ESTATE OF )
ERYETHA MAYBERRY, DECEASED, )
                                    )
           Plaintiffs, )
                                    )
vs. )    Case No. CIV-13-364-M
                                    )
WESTLAKE NURSING HOME )
LIMITED PARTNERSHIP, d/b/a Quail )
Creek Nursing and Rehabilitation Center; )
WESTLAKE MANAGEMENT )
COMPANY, a Texas Corporation; )
RON LUSK, an Individual; )
QC PROPERTY HOLDINGS, LLC, )
a Georgia limited liability company; and )
QC NURSING LLC, a Georgia limited )
liability company, d/b/a Quail Creek )
Nursing and Rehabilitation Center, )
                                    )
           Defendants. )

## ORDER

      Before the Court is defendants Westlake Nursing Home Limited Partnership and Westlake

Management Company's ("Westlake Defendants") Motion for Remittitur or Alternatively a New

Trial, filed March 18, 2015. On April 15, 2015, plaintiffs filed their response, and on April 22,

2015, Westlake Defendants filed their reply. Based upon the parties' submissions, the Court makes

its determination.

      The jury in this case awarded $1.2 million for compensatory damages. Westlake Defendants

contend that this award is improperly punitive and bears no reasonable relation to the evidence of

actual harm. Further, Westlake Defendants contend that the compensatory damages amount goes

far beyond any reasonable measure of compensation, is unconscionably excessive, and is grossly

oppressive. Additionally, Westlake Defendants assert that the excessiveness of the award is the predictable result of the improper argument by plaintiffs' counsel to the jury to "send a message" to nursing homes generally, rather than base its actual damages award on compensation. Westlake Defendants, thus, move this Court for an order directing a remittitur of actual damages to $100,000 or alternatively granting a new trial.

"When a state's substantive law governs a claim for relief, state law provides the appropriate rules of decision for the district court to determine whether the verdict was excessive." *In re Universal Serv. Fund Tel. Billing Practice Litig.*, 619 F.3d 1188, 1209 (10th Cir. 2010) (internal quotations and citation omitted). Because Oklahoma's substantive law governs the claims in this case, Oklahoma law will provide the appropriate standard for this Court to determine whether the jury's verdict was excessive. Oklahoma law provides:

> The general rule is that the issue of damages in a personal injury action is left to the jury after hearing all the evidence. A verdict of a jury cannot be set aside as excessive unless it strikes mankind, at first blush, as beyond all measure unreasonable and outrageous and such as manifestly shows it was actuated by passion, prejudice, partiality or corruption.

*Strubhart v. Perry Mem'l Hosp. Trust Auth.*, 903 P.2d 263, 270 (Okla. 1995) (internal citations omitted). Additionally, when making this determination, a court "must consider the evidence most favorable to the plaintiffs as establishing the facts concerning the excessiveness of the verdict." *Currens v. Hampton*, 939 P.2d 1138, 1141 (Okla. 1997).

Having carefully reviewed the parties' submissions, and having heard all of the testimony and seen all of the evidence presented during the trial, the Court finds that the verdict in this case was not excessive. Specifically, the Court finds that there was substantial evidence in the record to support the jury's award. The jury's verdict simply is not such that it would strike mankind as

beyond all measure unreasonable and outrageous and does not manifestly show that the award was actuated by passion, prejudice, partiality, or corruption. Accordingly, the Court finds that Westlake Defendants' motion for remittitur should be denied.

Although it is unclear from their motion, Westlake Defendants may also be asserting that they are entitled to a new trial based upon certain statements made in plaintiffs' counsel's closing argument. Specifically, Westlake Defendants contend that plaintiffs' counsel improperly urged the jury in closing argument to base its actual damages award on deterrent and punitive purposes and that such improper argument contributed to the excessive damages award. Having carefully reviewed plaintiffs' counsel's closing argument, the Court finds the statements of counsel referenced by Westlake Defendants in their motion did not have such a prejudicial effect to warrant a new trial. As the Court has already found, the jury's compensatory damages award is not excessive. Additionally, viewing the closing argument as a whole, the Court finds counsel's statements would not have led the jury to base its actual damages award on deterrent and/or punitive purposes. In addition to the statements highlighted by Westlake Defendants, plaintiffs' counsel also stated:

> Included in your verdict, you are going to have to place a value on what happened to Ms. Mayberry. It must be fair, it must fully compensate Ms. Mayberry's estate for the physical pain and the mental suffering that she endured. You must place a value on that pain, that humiliation, and the mental scarring that occurred to Ms. Mayberry.

Transcript of Jury Trial at 467, lines 7-12. These statements are consistent with the Court's jury instructions and clearly set forth the proper items the jury must consider in reaching any award of compensatory damages. Accordingly, the Court finds Westlake Defendants are not entitled to a new trial.

Therefore, for the reasons set forth above, the Court DENIES Westlake Defendants' Motion for Remittitur or Alternatively a New Trial [docket no. 181].

**IT IS SO ORDERED this 11th day of December, 2015.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE